CITED *in State, Hubbard, pros.*, v. *Reckless*, 9 *Vr.* 396.

---

THE STATE, THE HOBOKEN LAND AND IMPROVEMENT COMPANY, PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN AND JAMES FALLON.

1. The authority of a railroad company to lay tracks in a public highway, must be given by express enactment, or if it rests upon implication, it must flow necessarily out of the law from which it is derived.
2. The power to regulate and grade the streets of Hoboken, and to declare what shall be nuisances, must be exercised by ordinance, and not by resolution.

---

On *certiorari* to remove certain proceedings and resolutions of the said mayor and common council, touching the power of the railroad companies to lay down tracks in a public

highway, and to regulate and grade streets in the city of Hoboken, and remove obstructions therein.

Argued at February Term, 1871, before Justices SCUDDER and VAN SYCKEL.

For plaintiffs, *F. B. Ogden.*

For defendants, *J. C. Besson* and *Joseph F. Randolph.*

VAN SYCKEL, J.   On the 6th day of December, 1870, resolutions were passed by the mayor and common council of Hoboken in these words :

" *Resolved,* That the property owners along the line of Seventeenth street, between the Hackensack plank road and Jefferson street, in the city of Hoboken, be and they are hereby authorized and empowered to fill in, regulate, and grade said street in front of their respective premises.

" *And be it further resolved,* That the street commissioner of the city of Hoboken is hereby. authorized and directed to cause said railroad tracks, as far as they interfere with the improvements contemplated in the preceding resolution, to be taken up and removed ; and also, to cause all obstructions, of whatever nature, which interfere with or prevent the progress of said improvement, to be forthwith abated and removed."

To test the validity of these resolutions, they have been removed into this court by the prosecutors, who assign two principal reasons for setting them aside :

*First.* That they have legislative authority to lay their railroad track through Seventeenth street, and that, therefore, the action of the common council is in excess of their power.

*Secondly.* That the power of the common council over the subject matter could be exercised by ordinance only, and not by resolution.

The right of the Hoboken Land and Improvement Company to construct a railroad is conferred by a supplement to their charter, approved March 13th, 1851, (*Laws of* 1851, *p.*

221,) amended by an act approved March 10th, 1868, (*Laws of* 1868, *p.* 261.)

The authority of the company to lay their tracks in a public street or highway must be given by express enactment, or if it is vested upon implication, it must flow necessarily out of the law from which it is derived. *Morris & Essex R. R.* v. *Newark,* 2 *Stockt.* 352.

The legislative grant authorizes the company to survey, lay out, and construct a railroad in the county of Hudson, not exceeding two hundred feet in width, from some point in the township of Weehawken, to run thence in a southerly direction, and to the east of the height or elevation known as Bergen hill, to connect with other roads in the act mentioned.

Under this grant the relators have laid their railroad track through that part of Seventeenth street which lies between the Hackensack plank road and Jefferson street, in the city of Hoboken. There are no words of expression in this act, nor language from which an implication can be drawn, which will justify this appropriation of the highway by this company.

If we should adopt the more liberal rule announced by Chief Justice Shaw in the leading case of *The Inhabitants of Springfield* v. *The Connecticut River R. R.,* 4 *Cush.* 63, there is nothing in the case to show, by an application of the act to the subject matter, that the railroad could not, by reasonable intendment, be laid on any other route.

The powers of the common council of Hoboken are care fully enumerated in the city charter, approved March 29th, 1855, (*Laws of* 1855, *p.* 462,) by which, among other things, they are authorized to pass ordinances to regulate and govern the raising, leveling, pitching, and construction of streets, and to prevent and remove all encroachments, encumbrances, and nuisances in and upon the same, and to declare, by general law, what shall be considered nuisances in the streets.

The common council must exercise their powers in strict conformity to their charter, in pursuance of which the object they had in view must be effected by ordinance, not by reso-

lution.   The distinction between these two modes of procedure is recognized in *The State, Gleason, pros., v. Bergen*, 4 *Vroom* 72, in which an appointment, by resolution, was held to be illegal.   Unless this distinction is carefully preserved, the provisions of the thirty-fourth section of the city charter, prescribing certain formalities to be observed in the passage of ordinances, with a view to secure greater deliberation in the action of council might be evaded or disregarded.

These resolutions are obnoxious to further objection.   The first resolution empowers the property owners to fill in, regulate, and grade the street.   The power to regulate and grade the street could not be delegated to the owners of property along it.

The grade should have been regulated and established by ordinance, otherwise each land-owner might have made a grade different from the other.

By the second resolution, the council have given to the street commissioner a power and discretion which they should have themselves exercised.

For these reasons the resolutions are without validity, and should be set aside.

Justice SCUDDER concurred.

CITED *in Paret* v. *Bayonne*, 10 *Vr.* 564.